**IN THE UNITED STATES DISTRICT COURT
FOR THE NORTHERN DISTRICT OF OHIO**

**TRAVIS JOHNNY SMITH,**

           **Plaintiff,**

    -vs-

**BANK OF AMERICA,**

           **Defendant.**

**Case No. 1: 25 CV 2774**

**JUDGE PAMELA A. BARKER**

**MEMORANDUM OF OPINION AND ORDER**

**Background**

*Pro se* Plaintiff Travis Johnny Smith, a prisoner in Kentucky, has filed an *in forma pauperis* civil complaint in this case against Bank of America.  His brief complaint (Doc. No. 1) appears to pertain to an account he had with Bank of America, but his pleading does not set forth clear factual allegations or legal claims.  Instead, his Statement of Claim simply states that "[t]hey took my state EIN Numbers and put in under my social security numbers." (*Id.* at 4, ¶ III.)  For relief, he states he is "asking for them to do the[eir] jobs correct and not to steal people[']s things like my EIN numbers I paid for, wrongful doing to my business for these matters." (*Id.* at ¶ IV.)

Although *pro se* pleadings are liberally construed and held to less stringent standards than formal pleadings drafted by lawyers, *Boag v. MacDougall*, 454 U.S. 364, 365 (1982) (per curiam); *Haines v. Kerner*, 404 U.S. 519, 520 (1972), the lenient treatment accorded *pro se* plaintiffs has limits.  *See e.g., Pilgrim v. Littlefield*, 92 F.3d 413, 416 (6th Cir.1996).  *Pro se* litigants must still meet basic pleading requirements, and courts are not required to conjure allegations or create claims on their behalf.  *See Erwin v. Edwards*, 22 Fed. App'x 579, 580 (6th Cir. 2001).

**Standard of Review and Discussion**

District courts are expressly required, under 28 U.S.C. § 1915(e)(2)(B), to screen all *in forma pauperis* complaints filed in federal court, and to dismiss before service any such complaint that the court determines is frivolous or malicious, fails to state a claim upon which relief can be granted, or seeks monetary relief from a defendant who is immune from such relief. *See Hill v. Lappin*, 630 F.3d 468, 470 (6th Cir. 2010). To survive a dismissal for failure to state a claim, a complaint must set forth "sufficient factual matter, accepted as true, to state a claim to relief that is plausible on its face." *Id*. at 470-71 (holding that the dismissal standard articulated in *Ashcroft v. Iqbal*, 556 U.S. 662 (2009) and *Bell Atlantic Corp. v. Twombly*, 550 U.S. 544 (2007) for determining a motion to dismiss under Fed. R. Civ. P. 12(b)(6) governs dismissals for failure to state a claim under § 1915(e)(2)(B)). "A claim has facial plausibility when the plaintiff pleads factual content that allows the court to draw the reasonable inference that the defendant is liable for the misconduct alleged." *Iqbal*, 556 U.S. at 678. Although a complaint need not contain "detailed factual allegations," it must provide "more than an unadorned, the-defendant-unlawfully-harmed-me accusation." *Id.* Additionally, to survive dismissal, federal pleading requirements require that a complaint set forth sufficient allegations to give Defendants and the Court notice of what the plaintiff's legal claims are and the factual grounds on which they rest. *Swierkiewicz v. Sorema N.A.*, 534 U.S. 506, 514 (2002); *Bassett v. National Collegiate Athletic Ass'n*, 528 F.3d 426, 437 (6th Cir. 2008).

Upon review, the Court finds that Plaintiff's complaint warrants dismissal pursuant to § 1915(e)(2)(B). Even liberally construed, the unclear and purely conclusory assertions set forth in his complaint fail to meet basic pleading requirements or suggest he has any plausible claim against the Defendant upon which the Court may grant him relief. His allegations, at the most, amount to

"an unadorned, the-defendant-unlawfully-harmed-me accusation" and are insufficient to state a plausible claim against the Defendant upon which the Court may grant him relief. *See, e.g., Lillard v. Shelby Cnty. Bd. of Educ.*, 76 F.3d 716, 726 (6th Cir. 1996) (a court is not required to accept summary allegations or unwarranted conclusions in determining whether a complaint states a claim for relief).

**Conclusion**

Accordingly, Plaintiff's motion to proceed *in forma pauperis* in the case (Doc. No. 2) is granted, his complaint is dismissed pursuant to 28 U.S.C. § 1915(e)(2)(B). The Court further certifies, pursuant to 28 U.S.C. § 1915(a)(3), that an appeal from this decision could not be taken in good faith.

   **IT IS SO ORDERED.**

Date: March 24, 2026

PAMELA A. BARKER
U. S. DISTRICT JUDGE

3